ARSENIO MARTÍNEZ, demandante y apelante, *v.* INDEPENDENCE INDEMNITY Co., demandada y apelada.

No. 4033.—*Visto:* Noviembre 8, 1926. *Resuelto:* Noviembre 15, 1926.

1. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE DILIGENCIA EN LA TRAMITACIÓN DEL RECURSO.—Aún cuando entre la interposición de la apelación y la radicación del récord en el Supremo transcurra más de noventa días, si el apelante ha proseguido de buena fe y con diligencia su apelación y ésta ha sido retardada por causas ajenas a su voluntad, no procede desestimarla bajo la Regla 59 de esta corte.

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—ENVÍO, RADICACIÓN, IMPRESIÓN Y SERVICIO DE COPIAS—OMISIÓN DE RADICAR EL *Transcript* EN TIEMPO—TARDANZA—APELACIÓN RETARDADA POR CAUSAS AJENAS AL APELANTE.—En el caso de autos, no obstante haberse solicitado la desestimación vencida la prórroga concedida para radicar en el Supremo el récord de apelación, dentro de las circunstancias concurrentes y en bien de la justicia, se negó la desestimación solicitada, permitiéndose que la apelación continuara.

MOCIÓN sobre desestimación de apelación presentada por la apelada. *Denegada.*

*José Sabater* y *Rafael A. Saliva,* abogados del apelante; *J. H. Brown* y *Clemente Ruiz Nazario,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

[1] La apelación en este pleito fué interpuesta por el demandante el 29 de mayo de este año y el 27 de agosto fué aprobada por el juez sentenciador la transcripción de la evidencia hecha por el taquígrafo para esta apelación. Tres días después fué discutida en la corte inferior una moción del demandante para que se dejase sin efecto la sentencia dictada contra él, y para resolver esa moción el juez llevó consigo los autos a su casa y también la transcripción que aprobó de la evidencia. El 20 de septiembre el apelante presentó al secretario de la corte inferior la transcripción del legajo de la sentencia para que la certificase y enviase a este Tribunal Supremo con la transcripción de la evidencia pero no habiendo podido conseguir tal certificación por tener los autos el juez y por estar de mudanza de local la corte de distrito, el apelante obtuvo del abogado del apelado que el 24 de septiembre firmase con el otro abogado dicha certificación. El 25 de septiembre el apelante obtuvo de este Tribunal Supremo que le prorrogara hasta el 27 de octubre el tiempo para radicar aquí la transcripción de la evidencia, y antes de que esa prórroga venciera, el día 15 de octubre, entregó al secretario la certificación firmada por los abogados para que con la transcripción aprobada de la evidencia la enviara a este tribunal, recordándole en carta que le escribió que el 29 de octubre vencería el tiempo dentro del cual debía ser radicada en este Tribunal Supremo, pero el secretario no pudo enviarla hasta el 3 de noviembre por haber tenido el juez en su poder la transcripción de la evidencia hasta esa fecha.

Esos hechos demuestran que la regla 59 de las de esta corte no puede ser aplicada en este caso para desestimar

la apelación, pues si bien entre la interposición de la apelación y la radicación en este tribunal transcurrieron más de noventa días, sin embargo, el apelante ha proseguido de buena fe y con diligencia su apelación, que ha sido retardada por causas ajenas a su voluntad.

[2] En cuanto al segundo motivo de la moción, si bien es cierto que la desestimación de apelación ha sido solicitada dos días después de vencida la prórroga que tenía el apelante para la radicación de la apelación en este tribunal y antes de que esa radicación fuera hecha, esto no obstante, no desestimaremos la apelación, pues en vista de los hechos ocurridos y en bien de la justicia haremos uso de nuestro poder discrecional permitiendo que continúe esta apelación.

*Negada la desestimación.*

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.